UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CORINNE B. PASQUALINI,

                Plaintiff,

-against-

MORTGAGEIT, INC.,
d/b/a IPI SKYSCRAPER MORTGAGE,

                Defendant.
------------------------------------------------------------X

**AMENDED COMPLAINT**

Case No. 05 Civ. 9714

The Plaintiff, Corinne B. Pasqualini, complaining of the Defendant(s) by her attorneys, McGovern & Amodio, respectfully allege the following upon information and belief:

## JURISDICTION and VENUE

1. This is an action for damages brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. and 28 U.S.C. §1343.

2. This Court has subject matter jurisdiction based upon Title VII and the Court may exercise supplemental jurisdiction of all related state-law based claims.

3. This Court is a proper venue for this action because the unlawful employment practices complained of occurred within this District and the Plaintiff resides here.

## CONDITIONS PRECEDENT TO SUIT

4. Plaintiff has complied with all the prerequisites to an action under Title VII:

a) On October 14, 2004, the Plaintiff timely filed a charge for the discrimination and retaliation alleged in this Complaint with the Equal Employment Opportunity Commission.

1

b) By letter dated August 31, 2005, the EEOC notified the Plaintiff of the termination of any further processing of this charge of employment discrimination and retaliation and gave the Plaintiff a right-to-sue letter, permitting Plaintiff the right to institute this action within 90 days of the receipt of the notification.

c) The Plaintiff filed this action within 90 days of the receipt of her Notice of Right to Sue.

**PARTIES**

5. The Plaintiff, Corinne B. Pasqualini (Pasqualini) is a female adult citizen of the United States and a citizen and resident of Harrison, New York.

6. The Defendant MortgageIT, Inc. d/b/a IPI Skyscraper Mortgage (MortgageIT) was and is a corporation organized and existing under the laws of the State of New York and doing business in this judicial district.

7. MortgageIT is subject to the provisions of Title VII because:

a) MortgageIT engages in interstate commerce; and

b) MortgageIT employs in excess of the statutorily-required number of employees.

**FIRST CLAIM FOR RELIEF**

8. For at least two (2) years prior to June 14, 2004, Pasqualini was employed by MortgageIT in the capacity of Underwriter Manager/Operations Manager in the White Plains, New York office.

9. For at least two (2) years prior to June 14, 2004, MortgageIT employed Richard Schulman (Schulman) as senior loan officer. Schulman became the top loan producer in a very short time. Eventually, Schulman began to produce more than $10 Million in loans annually.

10. Between June 2003 and January 2004, Schulman would disrupt MortgageIT's White Plains Office by being physically abusive, making sexual comments and making ethnic slurs against

Pasqualini and other employees of MortgageIT. Schulman's conduct included, *inter alia:*

a) On June 13, 2003, Schulman pushed Pasqualini against a sectional couch, pressed his body against Plaintiff's body and touched Plaintiff's face;

b) On June 16, 2003, Schulman brought flowers to the Pasqualini and sent numerous e-mails to her;

c) on a weekly and sometimes daily basis between June 2003 and January 2004, Schulman would ask Pasqualini to date him and make comments on her physical appearance;

d) on a weekly and sometimes daily basis between June 2003 and January 2004, Schulman would insist that Pasqualini "needed to give him a shot" and that he would take care of her and that the only condition would be for Pasqualini "to have sex with him by the third date;"

e) in November 2003, on a daily basis, Schulman asked Pasqualini to enter into a sexual relationship with him, insisting that if Pasqualini "f**ked him, she would never be with another man again;"

f) in December 2003, on a weekly and sometime daily basis, Schulman called Pasqualini on her cell phone, request that Pasqualini travel into New York City to his home there to date him;

11. Beginning in January 2004, Schulman commenced an immediate and continual course of conduct in which he sexually harassed Pasqualini. Schulman's conduct included, *inter alia:*

a) in January 2004, on a daily basis, Schulman requested that Pasqualini enter into a sexual relationship with him, and that if Pasqualini complied, Schulman as a "top loan officer" would insure that Pasqualini "would be taken care with the company;"

b) in February 2004, on a daily basis, Schulman would touch Pasqualini in an inappropriate sexual manner such as rubbing her back, massaging her shoulders and grabbing her waist. When

Pasqualini requested he stop touching her, Schulman would tell her to "shut up;"

c) on or about March 9, 2004, Schulman offered to purchase a pair of expensive "Manola Blanik" shoes, if Pasqualini agreed to "f**k" Schuman and show Schulman if Pasqualini "was worth it;"

d) on or about March 15, 2004, Schulman asked Pasqualini if she used a Vibrator to gratify herself sexually;

e) in April 2004, on a daily basis, Schulman would touch Pasqualini in an inappropriate sexual manner such as rubbing her back, massaging her shoulders and grabbing her waist. Pasqualini requested that Schulman stop this conduct but Schulman refused;

f) on or about April 29, 2004, Schulman repeatedly requested Pasqualini accompany Schulman on a weekend overnight trip. Undaunted by Pasqualini's refusal, the request was repeated by Schulman many times during that day;

g) on or about May 6, 2004, Schulman made a statement to Pasqualini "you know I love you;"

h) on or about May 21, 2004, Schulman entered Pasqualini's office and while Pasqualini was facing away from him and on the telephone, Schulman grabbed the back of Pasqualini's undergarment panties, told Pasqualini that the tag was sticking up, and then Schulman thrust his hand down the rear of Pasqualini's slacks, under her undergarment panties and touched her derriere;

i) on or about May 25, 2004, Schulman entered Pasqualini's office and told Pasqualini that she was "losing the best thing" that could happen to her by refusing to go out with him;

12. The sexual harassment by Schulman was repeated and was designed to compel Pasqualini to submit to Schulman's sexual advances. Because of Schulman's reputation as the top loan producer for MortgageIT, the submission to the sexual advances of Schulman became a term or condition of Pasqualini's employment.

13. The sexual harassment by Schulman substantially affected Pasqualini's employment.

14. Following the commencement by Schulman of the numerous acts of sexual harassment to Pasqualini, Pasqualini made numerous complaints to MortgageIT, its agents, servants and employees.

15. Despite the complaints made by Pasqualini to MortgageIT, its agents, servants, and employees, MortgageIT failed and refused to terminate the course of conduct of Schulman, thus condoning the illegal acts and transforming the tolerance and acceptance of sexual advances by Schulman into a condition of Pasqualini's continued employment.

16. The conduct by Schulman was in fact known to MortgageIT, its agents, servants and employees and MortgageIT failed and refused to terminate Schulman, thus rendering Schulman's conduct a policy of MortgageIT that submission and/or toleration of sexual harassment is a condition of employment.

17. MortgageIT, its agents, servants and employees, by their conduct alleged in this Complaint, intentionally, wilfully and without justification deprived Pasqualini of the rights, privileges and immunities secured by the Constitution and laws of the United States, particularly the right to be free from sexual discrimination and harassment.

18. Pasqualini was terminated by MortgageIT on June 14, 2004.

19. Pasqualini has suffered damages in the amount of $1,000,000.00 for lost wages that continue to accrue, loss of commissions, loss of retirement benefits and any and all compensatory and punitive damages allowed by law.

## SECOND CLAIM FOR RELIEF

20. Plaintiff repeats and re-alleges each and every allegation contained in the Complaint paragraphs numbered 1 through 19 as is fully alleged herein.

21. Pasqualini, to protect her rights and interests and to protect the interests of MortgageIT, reported Schulman's conduct to her supervisor, Schulman's supervisor and the human resource personnel of MortgageIT.

22. Pasqualini's supervisor warned Pasqualini to take no action against Schulman or report Schulman's conduct to senior management and/or human resources personnel or Pasqualini's supervisor would have her transferred out of the White Plains office.

23. Despite Pasqualini's repeated complaints against Schulman to her supervisor, Schulman's supervisor and the human resource personnel of MortgageIT, no action was taken against him.

24. On May 30, 2004, Pasqualini made a formal complaint about Schulman's conduct to the White Plains Police Department which resulted in his arrest.

25. Forced to confront Schulman's conduct, MortgageIT terminated Schulman thereafter.

26. In retaliation for reporting Schulman's conduct to human resource personnel and the White Plains Police Department, Pasqualini was instructed by MortgageIT to report to its office located in Stamford Connecticut or be terminated on June 14, 2004.

27. Pasqualini was terminated by MortgageIT on June 14, 2004.

28.   This retaliatory transfer and firing constituted an unlawful act of employment discrimination in violation of 42 U.S.C. §2000e et. seq. for which Pasqualini demands a remedy.

29.   Pasqualini demands that she be made whole for all the losses she has sustained as a result of MortgageIT's unlawful discharge and unlawful employment practices in the amount of $1,000,000.00 for lost wages that continue to accrue, loss of commissions, loss of retirement benefits and any and all compensatory and punitive damages allowed by law.

## DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury of all issues.

## PRAYER

Pasqualini requests that after a trial on the merits, the Court grant Pasqualini:

1. Back pay and damages for the loss of earnings and benefits of the employment relationship from the date of her unlawful termination on June 14, 2004,

2. All additional out-of-pocket expenses and all other appropriate elements of damages to which Pasqualini is entitled,

3. An award of reasonable attorney's fees,

4. An award of costs of the action,

5. All other relief that is just and right in law or in equity.

Dated: White Plains, New York
February 24, 2006

                                          MCGOVERN & AMODIO
                                          Attorneys for Plaintiff

                                          By: /S/ Michael P. Amodio
                                              Michael P. Amodio (MA8687)
                                          Two William Street, Suite 306
                                          White Plains, New York 10601
                                          (914) 289-1961

Pasqualini-Mortgage ITAmended Complaint 02-24-06.wpd

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | Case No. 05 Civ. 9714 |

-------------------------------------------------------X
CORINNE B. PASQUALINI,                                    AFFIRMATION OF SERVICE
                                 Plaintiff,

-against-

MORTGAGEIT, INC.,
d/b/a IPI SKYSCRAPER MORTGAGE,
                                 Defendant.
-------------------------------------------------------X

      MICHAEL P. AMODIO, an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms the following under penalty of perjury:

      1. I am not a party to the action, am over 18 years of age and reside at White Plains, New York.

      2. On February 24, 2006, I served the within Amended Answer by depositing a true copy of the above papers enclosed in a properly addressed envelope to be picked up by an employee of the Federal Express Company in a box provided by the Federal Express Company in the lower lobby at 175 Main Street, White Plains, New York, marked for overnight delivery, into the custody and control of the overnight delivery service known as the Federal Express Company, prior to the latest time designated by the Federal Express Company for overnight delivery addressed to the last known address of the addressee(s) as indicated below:

Peter C. Moskowitz, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, New York 10038

Duly Affirmed: White Plains New York
                February 24, 2006

                                                       /S/ Michael P. Amodio
                                                       MICHAEL P. AMODIO (MA8687)